### N. B. WILSON *v.* JOHN B. DAVIES.

**Principal and Surety—Indulgence—Release of Surety.**

> If the creditor and principal debtor make a contract, founded on a valuable consideration and such a one as can be enforced, for indulgence without the assent of the surety it will operate as a release of the surety.

APPEAL FROM JEFFERSON CIRCUIT COURT.

November 1, 1872.

OPINION BY JUDGE PETERS:

Although the note was executed to Wilson, as payee, it is conceded that Whitman was the beneficiary and real creditor.

The doctrine is well established that if the creditor and principal debtor make a contract founded on a valuable consideration, and such a one as can be enforced for indulgence without the assent of the surety, it will operate as a release of the surety. *Kenningham, etc., v. Bedford, etc.*, 1 B. M. 325; *Duncan v. Reed, etc.*, 8 B. M. 382.

In this case Shirley proves that after the note matured he made a contract with Whitman to continue to employ him in his hotel at a salary of $1,000 per annum in consideration that he would give indulgence on the note, and such employment was continued several months after the note matured and in fulfillment of said agreement, Whitman caused Wilson to desist from collecting the note; that fully one-third of the one thousand dollars was paid for the indulgence, as his services were not worth more than two-thirds of that amount and that Davies, who was his surety on the note, was ignorant of the arrangement, and of course never assented to it. As to the exceptions to some of the answers of Shirley to interrogatories propounded by appellee, we need only say that in answer to the 6th interrogatory he states in direct terms that Whitman agreed in consideration of his retaining him in his, Shirley's, employ at a salary of $1,000 per annum, he would defer the collection of the note, and in consideration of that agreement he caused Wilson, who had possession of the note, to desist from applying for its payment for several months. And the answer to the next question where he uses the terms "it was understood," etc., is evidently the witness's mode of expressing the time the contract was to continue, having in the previous answer stated the contract, and the court below committed no error in overruling appellant's exceptions.

Wherefore, perceiving no error in the judgment, the same is affirmed.

*R. H. Field, for appellant.*